## No. 13,087.

### ROUTEN *v.* J & O RANCH COMPANY.
(11 P. [2d] 566)

Decided May 23, 1932.

Mr. A. R. MORRISON, for plaintiff in error.

Mr. E. CLIFFORD HEALD, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

IN an unlawful detainer action before a justice of the peace, the J & O Ranch Company obtained a judgment against Earl Routen. An appeal was taken to the county court. To review a judgment of that court dismissing the appeal, Routen sued out this writ.

54

Upon taking the appeal, Routen deposited the two bonds required by law. The justice of the peace thereupon sent to the county court a transcript of the judgment, together with the pleadings and the bonds. The Ranch Company filed a motion in the county court to dismiss the appeal because of Routen's failure to deposit rent with the justice of the peace. The motion was sustained, and the appeal was dismissed.

Upon appeal from the judgment of a justice of the peace, in an unlawful detainer action founded upon nonpayment of rent, the statute requires the defendant to file two bonds and also to deposit with the justice of the peace the amount of rent found due and specified in the judgment. Unless such deposit is made, the appeal is deemed to be not perfected. The justice is required to transmit the deposit to the clerk of the appellate court, with the papers in the case, and thereafter the appellant is required, "at the time when the rents shall become due, as specified in the judgment appealed from, and, as often as the same shall become due," to deposit the amount thereof with the clerk of the appellate court. C. L. §6384. No rent was deposited.

The only question for our determination is whether the provision requiring the deposit of rent is applicable to this case. If it is, the judgment of dismissal should be affirmed; if it is not, the judgment should be reversed. We believe that it is not applicable.

The Ranch Company leased to Routen certain land in Elbert county. As "rent" for the premises, Routen was to deliver to it "one-half of all the products from all live stock, including poultry, brought or kept upon said premises," delivery to be made "within five days after the same has become due and after demand made therefor." The Ranch Company notified Routen that it "has elected to and does hereby terminate" the tenancy for failure to pay, as rent, within the prescribed time, one-half of all the products from all live stock, including poultry, for failure to cultivate the land in a manner re-

quired by good husbandry, and for other specified violations of the terms of the lease. The Ranch Company demanded possession of the premises. The judgment entry on the docket of the justice of the peace is as follows: "Judgment rendered for plaintiff for $247.60, two hundred *fifty* seven, also Judgment for cancel claim of lease and possession."

What the money judgment was for does not appear. The justice of the peace may have rendered such judgment in the mistaken belief that he had power, in such proceeding, to award damages for the withholding of the possession of the premises and the landlord's share of live stock products, or to give a money judgment for the value of the landlord's share of such products. Whatever the money judgment was for, it was not for rent, for that was payable only in live stock products. The fact that in his appeal bond Routen mistakenly referred to it as a judgment for "rent" does not alter the situation.

The provision for the deposit of rent upon appeal has no application to cases where, as here, land is rented for a share of the products from live stock. The supposition that, in order to perfect an appeal, a tenant is required by the Unlawful Detainer Act to deposit with the justice of the peace, to be transmitted to the clerk of the county court, the landlord's share of such products (milk, eggs, etc.) cannot be seriously entertained.

The county court should not have dismissed the appeal. The question whether or not the judgment of the justice of the peace is correct is not before us.

The judgment is reversed, and the cause is remanded with the direction to the county court to set aside its judgment of dismissal, and to reinstate the case on appeal.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE MOORE concur.